# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Michael B. Moore,** | ) | **CASE NO. 1:19 CV 2769** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PAMELA A. BARKER** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Lorain County** | ) | |
| **Court of Common Pleas,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### INTRODUCTION

*Pro se* Plaintiff Michael B. Moore filed this action under 42 U.S.C. § 1983 against the Lorain County Court of Common Pleas and the State of Ohio. In the Complaint, Plaintiff challenges his retrial on criminal charges after his successful appeal. He seeks dismissal of all charges and monetary damages.

### BACKGROUND

Plaintiff pled guilty in the Lorain County Court of Common Pleas to one count of aggravated robbery, three counts of robbery, one count of tampering with evidence, one count of receiving stolen property, one count of obstructing official business, and multiple firearm specifications. He was sentenced to an aggregate total of twelve years in prison. He did not appeal his conviction initially but filed a Motion for Delayed Appeal ten months later. He claimed he had not been notified of his right to appeal. The Ohio Appellate Court granted

his Motion and appointed counsel for him on appeal. Plaintiff alleges his appeal was successful. The Appellate Court vacated his conviction and remanded his case to the Court of Common Pleas for retrial.

Plaintiff objects to the manner in which his retrial is being conducted. He claims the same judge that originally presided over the case is presiding over the retrial. He believes that this is a conflict of interest because the judge is angry that he appealed his conviction. He claims the judge regularly does not appear for scheduled hearings or reschedules them. He indicates his attorney forged his name on speedy trial waivers and then asked to withdraw from his case. He contends his new attorney is ineffective. He states this has placed him at a disadvantage as one of his codefendants received a six-year sentence and served only six months of it. That individual is out of prison while Plaintiff is still awaiting trial. He does not assert legal claims but asks this Court to intervene and dismiss the pending charges. He also seeks monetary damages.

**STANDARD OF REVIEW**

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

**DISCUSSION**

As an initial matter, Plaintiff has not named a Defendant that can be sued. Under Ohio law, the Common Pleas Court is not *sui juris*, meaning it is not a legal entity capable of suing or being sued. *Black v. Montgomery Cty. Common Pleas Court*, No. 3:18-CV-00123, 2018 WL 2473560, at *1 (S.D. Ohio June 4, 2018); *Evans v. Cordray*, No. 2:09cv587, 2012 WL 1021698, at *3 (S.D. Ohio Mar. 26, 2012) ("[I]t is not proper to make a Court a Defendant. Courts are not persons within the meaning of 42 U.S.C. § 1983."). Furthermore, the State of Ohio may not be sued in federal court unless it has consented to such a suit or its immunity has been properly abrogated by Congress. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). When these narrow exceptions are not applicable, as is the case here, the Eleventh Amendment is an absolute bar to the

imposition of liability upon States and State agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985). Because Plaintiff has not named a viable Defendant against whom this action can proceed, this case must be dismissed.

Furthermore, even if Plaintiff had named a proper Defendant, this Court would be required to abstain from intervening in a state court criminal action. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988). If the state Defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present. Plaintiff admits that the criminal action against him is still pending and this Court acknowledges that state court criminal matters are of paramount state interest. *See Younger*, 401 U.S. at 44-45. The third

requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co*., 481 U.S. at 14. When a Plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Id*., 481 U.S. at 15. Although Plaintiff does not state specific claims, he has not demonstrated that he is barred from presenting his concerns in the state courts. The requirements of Younger are satisfied and this Court must abstain from interfering in any pending state court criminal action against the Plaintiff.

**CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**


Date: March 19, 2020

*S/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE